Mary L. HOLLINGER–HAYE, Plaintiff,

v.

**HARRISON WESTERN/FRANKI–DENYS, et al., Defendants.**

**Civ. A. No. 89–1270.**

United States District Court, District of Columbia.

Feb. 8, 1990.

---

Eric Steele, Washington, D.C., for plaintiff.

Gregory W. Homer, Washington, D.C., for defendants.

MEMORANDUM

JOHN GARRETT PENN, District Judge.

Plaintiff seeks redress for alleged discrimination in violation of federal and local laws. Specifically, the plaintiff brings this action pursuant to 42 U.S.C. § 1981, and

for breach of contract, infliction of emotional distress, and discharge in violation of public policy.[1] Defendants contend that this case should be dismissed because the cause of actions are barred by the applicable statute of limitations and otherwise fail to state claims upon which relief may be granted. This matter is before the Court on Joint Venture and Harrison Western's motion to dismiss or for summary judgment and Franki–Denys, Inc.'s motion for summary judgment.[2]

## I.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A party opposing a motion for summary judgment cannot rest upon mere allegations in his pleading, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *See also, Anderson v. Liberty Lobby, Inc., supra*. If the non-moving party fails to sub-

mit a separate statement of genuine issues, the moving party's statement of material facts must be taken as admitted. Local Rule 108(h), *Savia v. United States Postal Service*, 659 F.Supp. 653, 655–56 n. 1 (D.D. C.1987); *Barber v. American Security Bank*, 655 F.Supp. 775, 776 n. 3 (D.D.C. 1987).

## II.

Plaintiff's opposition to the motions for summary judgment filed by the defendants does not include a separate statement of material facts; accordingly, the Court will deem the defendants' statement of facts as admitted.[3] The following facts are not in dispute. On or about February 22, 1985, the plaintiff commenced employment with the Joint Venture as a laborer. Defendants Joint Venture and Harrison Western's Statement of Material Facts Not In Dispute ("JV S.O.M.F.") at par. 8. Plaintiff alleges that during her pre-employment interview with the Joint Venture, she was told that she would have a job with the Joint Venture until the tunnel project was completed in 1988. *Id.* par. 6. Plaintiff further alleges that during this interview she was promised that, while she would begin her employment as a laborer, she would be trained to be an operating engineer and that, upon receiving her operating engineer's license from the District of Columbia, she would be promoted to that position. *Id.* pars. 4, 5.

In January of 1986, plaintiff received her operating engineer's license from the District of Columbia and requested the Joint Venture to promote her to that position with the accompanying increase in pay. *Id.* par. 9. When she did not receive that promotion, plaintiff complained to the Joint

---

**1.** On December 15, 1989, the date discovery was due to be completed, plaintiff filed a motion for leave to file a second amended complaint; which included twelve additional counts. The Court denied that motion. *See* Memorandum Order filed January 25, 1990.

**2.** Reference to the defendants include the Joint Venture, Harrison Western, and Franki–Denys, Inc., unless otherwise specified.

**3.** Statements of material facts not in dispute were filed by defendants Joint Venture and Harrison Western's in support of their motion for summary judgment and defendant Franki–Denys, Inc. in support of its motion for summary judgment. The Court notes that the statements that constitute defendants' material facts are primarily taken from plaintiff's complaint, deposition, and charge of discrimination filed with the Equal Employment Opportunity Commission.

Venture's Affirmative Action Officer, stating that she believed she was not receiving the promised promotion because she was black and/or female. *Id.* par. 10. By February of 1986, plaintiff had concluded that the Joint Venture would continue to refuse to promote her to the position of operating engineer and the promise to promote her was broken. *Id.* par. 11. On April 21, 1986, a substantial portion of the Joint Venture's work force, including plaintiff, was laid off. *Id.* par. 13. Plaintiff was told that this lay-off was temporary and that she could expect to be recalled shortly. *Id.* While many of the other employees who were laid off on April 21, 1986 were recalled one month later, plaintiff was not. *Id.* par. 14. Plaintiff was informed by the Joint Venture's Affirmative Action Officer that her employment was terminated. *Id.*

### III.

■ The defendants contend that plaintiff's claims under § 1981 are barred by the three year statute of limitations. The parties do not dispute that the § 1981 claims are governed by a three year statute of limitations. Defendants maintain that the plaintiff testified that the allegedly discriminatory denial of a promotional opportunity of which she complains took place in January or February of 1986. JV's Memorandum In Support of their Motion for Summary Judgment ("JV's Memorandum") at 6. Defendants note that plaintiff's suit asserting these claims was not filed until more than three years later, on April 21, 1989.[4] *Id.*

Plaintiff contends that her § 1981 claims did not accrue before April 21, 1986, the date of her layoff. Plaintiff's Opposition at 16. Specifically, plaintiff states that "[t]he plaintiff's § 1981 claims cannot accrue until after her layoff when Coleman finally told her that the defendants would not recall her, and, as a consequence, not promote her." *Id.* at 17. The Court does not agree. In order to determine the timeliness of plaintiff's complaint, the Court must "identify precisely the 'unlawful em-

ployment practice' of which [she] complains." *Delaware State College v. Ricks*, 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). As noted earlier, by February of 1986, plaintiff had concluded that the Joint Venture would continue to refuse to promote her to the position of operating engineer. The "unlawful employment practice" of which she complains occurred at the latest in February of 1986. Plaintiff was required to file her suit by the end of February of 1989.

■ Plaintiff argues alternatively that her discriminatory promotion claim would nevertheless remain timely because the promotion denial was part of a continuing violation of the plaintiff's rights. Plaintiff's Opposition at 17. The Court is constrained to conclude that plaintiff has not alleged actions by the defendants that would constitute a continuing violation. Plaintiff has only identified one discrimination action against her that was motivated by race; which was the denial of the promotion, that alone does not constitute a continuing violation. *See e.g. Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), *Stoller v. Marsh*, 682 F.2d 971, 975 (D.C.Cir.1982), *Milton v. Weinberger*, 645 F.2d 1070, 1072 (D.C.Cir.1981). Accordingly, the Court concludes that the alleged unlawful employment practice that occurred in February of 1986, is the action that triggered the statute of limitation.

### IV.

Since the Court has concluded that plaintiff's cause of action that gave rise to her § 1981 claims are barred by the three year statute of limitation, the Court must similarly conclude that her other claims are time barred. Further, the Court need not address whether plaintiff has established a § 1981 claim in view of *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

For the reasons discussed above, the Court concludes that defendants' motions for summary judgment should be granted.

---

4. The parties dispute whether the suit was filed on April 17, 1986 or April 21, 1986. However, as the Court noted earlier, that fact is deemed admitted, pursuant to Local Rule 108(h).

In view of the Court's conclusion, the discovery motions and plaintiff's motion in limine are moot.